COMPILER of LAWS

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

HENRY C. FLORES et. al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0133-09

**DECISION AND ORDER**
**(Motion to Quash Subpoena Duces Tecum)**

This matter came before the HONORABLE VERNON P. PEREZ on April 9, 2009 on a Motion to Quash Subpoena Duces Tecum filed by the Family Division of the Office of the Attorney General. Assistant Attorney General Jeffery Moots and Assistant Attorney General Clyde Lemons were present for the Prosecution Division. Assistant Attorney General Carol Hinkle Sanchez was present for the Family Division. Attorney Lawrence J. Teker and Joshua D. Walsh were present with Defendant Raynold C. Alcantara and Defendant Juan L.G. Diaz. Attorney Curtis C. Van de veld was present with Defendant James V. Quenga and Defendant Joe Steven M. Duenas. Attorney Howard Trapp was present with Defendant Esmeralda A. Sabinay. Attorney Thomas J. Fisher was present with Defendant Joaquin Q. Castro. Attorney Rachel Taimanao-Ayuyu was present with Defendant Vincent G. Perez. Attorney Lewis W. Littlepage was present with Defendant Henry C. Flores. Attorney Julie C. Rivera, representing Defendant Luke Tonaichy, was also present. The Court took the motion under advisement. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

**BACKGROUND**

On April 3, 2009 the Prosecution Division of the Office of the Attorney General issued a subpoena duces tecum to the Family Division of the Office of the Attorney General. The

subpoena duces tecum requested the release of all juvenile records/documents pertaining to several minors (all of whom are potential witnesses for Prosecution in this case). On April 6, 2009 the Prosecution Division reissued the same subpoena to the Family Division. On April 7, 2009, the Family Division filed a Motion to Quash Subpoena Duces Tecum. In the Motion to Quash, the Family Division argues that the subpoena(s) violate the confidentiality provision of the Family Court Act protecting such requested records, as set forth in 19 G.C.A. §§ 5103, 5122, and 5123. In the Motion to Quash, the Family Division agreed however to submit the requested documents for the Court's review, in camera, to determine whether or not disclosure of the juvenile records would be necessary.

On April 8, 2009, Defendants Duenas and Quenga filed an Opposition to Motion to Quash Subpoena by Defendants Joe Steven M. Duenas and James V. Quenga. Defendants Duenas and Quenga mainly argue that the documents sought after in the subpoena arise from Prosecutions duty to provide discovery, as required by 8 G.C.A. § 70.10 (a)(5) (7) and (b).

On April 9, 2009 the Court heard arguments on the Motion to Quash filed by the Family Division and the Opposition filed by Defendants Duenas and Quenga. At such time the Court accepted the juvenile records from the Family Division, under seal, for an in camera review. On April 10, 2009 at a further hearing on this case, the Court directed all Defendants to exercise and use 19 G.C.A. §5123, the provisions of which would allow Defendants to access the official court records in the interim, until the Court's in camera review was completed. The Court also required the initial Defendants seeking discovery of the juvenile records, Defendant Flores and Defendants Quenga and Duenas, to once again specify as to what relevance or materiality the juvenile records served in the case. The Defendants orally argued that the juvenile records were relevant and material to the Defendant's Sixth Amendment right to a fair trial and the ability to

effectively cross examine witnesses that the Prosecution intends to call. Defendants Duenas and Quenga also represented that the juvenile records could help to establish bias on the part of certain testifying witnesses, whom were known to have previous encounters with the law.

## DISCUSSION

The Court is now called upon to determine under an in camera review what juvenile records, if any, will be made available for inspection by Defendants in this matter. The Family Division argues that pursuant to 19 G.C.A. §5122, the documents are privileged and are not subject to disclosure. 19 G.C.A. §5122 sets forth that:

> **§ 5122. Records.**
> The court shall make and keep records of all cases brought before it, and shall devise and cause to be printed such forms for social and legal records and such other papers as may be required. The court's official records shall be opened to inspection only as provided by § 5123 or by order of the judge to persons having a legitimate interest therein. All information obtained and social records prepared in the discharge of official duty by any employee of the government of Guam at the request of the court, or by the Department of Youth Affairs, shall be privileged and shall not be disclosed directly, or indirectly to anyone other than the judge or others entitled under this Chapter to receive such information, except as provided § 5123 of this Chapter or unless and until otherwise ordered by the judge.

19 G.C.A. § 5122.

The Court finds that the privilege set forth in this section of law is not an absolute privilege. 19 G.C.A. §§ 5122, 5123 and 5124 (b) anticipates that there will be circumstances in which portions of juvenile records will be statutorily subject to disclosure. Specifically, 19 G.C.A. § 5123 permits some disclosure of certain juvenile records. That section sets forth that:

> **§ 5123. Limited Disclosure of Records.**
> Those official records of the court, and the police reports in connection therewith, dealing with the violation by a child (except when the violation is the first offense) of any territorial law or a regulation having the force and effect of law shall be open to inspection.

19 G.C.A. § 5123

Similarly, 19 G.C.A. § 5124 (b) provides that even when juvenile records have been "sealed," the records may be reopened under certain circumstances. This provision of law sets forth that:

**§ 5124. Sealing and Destruction of Records.**

(b) Sealed records may only be divulged to the juvenile, a court for the purpose of sentencing or to the court as otherwise provided by law, or to law enforcement agencies in the performance of their duties. This Subsection applies to incident reports in the custody of law enforcement agencies.

19 G.C.A. § 5124.

Given that the Guam legislature contemplated some disclosure or use of the juvenile records in other proceedings, this Court cannot conclude that the Family Court Act prevents all disclosures of the juvenile records in criminal prosecutions. The Family Court Act, by its' own provisions, sets forth situations in which juvenile records, even those sealed, are subject to some disclosure. Under the very provisions of the Family Court Act cited above, there exists certain situations in which the need for disclosure of the records outweighs the juvenile's interest in confidentiality. This Court is of the opinion that a defendants' need for relevant and exculpatory information contained in juvenile records will in certain circumstances, likewise, outweigh the juvenile's interest in confidentiality.

The Organic Act, like the Sixth Amendment to the United States Constitution, guarantees the accused the right to confront the witnesses against him. See, Organic Act § 5, 48 U.S.C. § 1421b(g) ("In all criminal prosecutions the accused shall have the right . . . to be confronted with the witnesses against him). An essential component of this right, is the defendants right to cross-examine the witnesses against him. Delaware v. Fensterer, 474 U.S. 15, 18-19 (1985). The right to cross-examine includes the right to test the truth and reliability of a witness' testimony and to call into question his motives, biases and credibility. U.S. v. Abel, 469 U.S. 45, 50 (1984).

Recognizing the critical function cross-examination serves in a criminal defense, the United States Supreme Court has scrupulously guarded against restrictions imposed by law or by the trial court on the scope of cross-examination. See, Davis v. Alaska, 415 U.S. 308 (1974): Pennsylvania v. Ritchie, 480 U.S. 39 (1987).

In Davis v. Alaska, 415 U.S. 308 (1974), the key eyewitness for the prosecution in a burglary case was a youth, who had himself been adjudicated a juvenile delinquent for burglary. The youth was on probation at the time he assisted the police in identifying the defendant. The defendant sought to use the government eyewitnesses' juvenile records to impeach the witness during cross-examination. The state contended that the states' interest in protecting the anonymity of juvenile offenders outweighed the defendant's interest in cross-examination. The United States Supreme Court rejected this argument holding that the defendant's Sixth Amendment right to confrontation and cross-examination for bias of an adverse witness outweighed the state's interest in protecting juvenile offenders. Id. at 319. The United States Supreme Court set forth that to make cross examination of the witness effective, defense counsel should have been permitted to expose to the jury the facts from the witnesses' privileged records from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Id. at 318.

Likewise in Pennsylvania v. Ritchie, 480 U.S. 39 (1987) the defendant was charged with committing a number of sexual offenses against his 13-year-old daughter. Before trial, the defendant subpoenaed the records of a state agency, Children and Youth Services (CYS), seeking information that had been divulged in his daughter's case. CYS claimed a statutory privilege in the records and refused to disclose them. Although the United States Supreme Court conceded that the public interest in protecting this type of sensitive information is strong, the

Court concluded that the interest did not necessarily prevent disclosure in all circumstances. Id. at 57. Accordingly, the Court ordered that the case be remanded for the trial court to review the privileged CYS file to determine whether it contained evidence favorable and material to the guilt of the defendant. Id. at 58. The Court further pointed out that the ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Id. at 53.

In the present matter, discovery requests have apparently been made by a number of Defendants's seeking the criminal records (to include juvenile records) for a number of witnesses that Prosecution plans to call at trial. Under its' discovery obligations found in 8 G.C.A. § 70.10 (a) (5) and (a) (7), Prosecution is required to provide to the Defendants any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial and any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor. In response to the discovery requests sent by Defendants, Prosecution issued a Subpoena Duces Tecum to the Family Division requesting copies of the juvenile records for the witnesses. The Family Division filed the present Motion to Quash and in the alternative provided the juvenile records for an in camera review by this Court. The Court accepted the juvenile records, under seal, for an in camera review.

Under 8 G.C.A. § 70.35 the Court can accept documents for in camera review. That provision of law sets forth that:

//

//

//

## § 70.35. In Camera Matters.

(a) Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or portion of such showing to be made in camera.

(b) A record shall be made of any proceedings held in camera and where the court enters an order granting relief following such proceeding, the entire record shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.

8 G.C.A. § 70.35.

The Court has conducted an in camera review of the seven juvenile records, provided to the Court, under seal, by the Family Division on April 9, 2009. The Court reviewed each of the seven records in chambers, without defense counsel present in order to protect the confidentiality of all persons discussed in the records. The Court found that each record did contain exculpatory and material information which could tend to negate the guilt of the defendants and be useful in preparing a defense or cross-examination of the potential witnesses. The Court finds however that to allow full disclosure to defense counsel of the seven juvenile records would sacrifice unnecessarily the Territory of Guam's compelling interest in protecting this kind of sensitive information. The Court will make those documents deemed exculpatory and material in preparing a defense or cross-examination, available for inspection by counsel for Defendants and Prosecution.

//

//

//

//

//

//

## CONCLUSION

After an in camera review of the seven juvenile records submitted to this Court by the Family Division, the Court orders that certain exculpatory and material documents contained in the records to be made available for inspection by counsel for Defendants and Prosecution in this matter. The Court further orders that any information disclosed to counsel for Defendants and Prosecution from the juvenile records is to be used for trial purposes only, to include cross examination. The Court will allow counsel for Defendants and Prosecution to schedule with the Court's chamber clerk an agreeable time to, individually, inspect those documents held in the Court's chambers. The remaining documents provided to the Court, which will not be disclosed, have been found to contain work product documents and documents which are not exculpatory or relevant to the present matter. Those undisclosed documents will be put under seal and held in the Court's chambers pending a possible appeal in this matter, pursuant to 8 G.C.A. § 70.35.

So ORDERED this day of MAY 2 2 2009 _____ May, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAY 2 2 2009

Alfred A. Santos
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM